# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. COLVIN,<br><br>        Plaintiff,<br><br>vs.<br><br>SANCHEZ, et al.,<br><br>        Defendants. | 1:17-cv-01489-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS<br><br>(Docs. 1, 9, 10)<br><br>**FOURTEEN-DAY DEADLINE** |

**I.**     **Introduction**

Plaintiff Robert M. Colvin is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 17, 2018, the Court screened Plaintiff's complaint and found that it states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Cullen, Mesa, Lopez, Garcia, Ibarra and Waddel in their individual capacities and a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Garcia, Martinez and Smith in their individual capacities. However, Plaintiff failed to state any other cognizable claims. Plaintiff was granted leave to amend or to file a notice informing the Court that he did not intend to amend and is willing to proceed only on his cognizable claims. (Doc. 9.)

///

1

On June 4, 2018, Plaintiff filed a notice stating that he did not intend to amend his complaint, and that he wished to proceed only on his cognizable claims. (Doc. 10.) Consequently, the Court recommends that this case proceed only on the cognizable claims listed above, and that all other claims and defendants be dismissed, for the reasons discussed below.

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### III. Summary of Plaintiff's Allegations

Plaintiff is currently incarcerated at the California Correctional Institution in Tehachapi, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at North Kern State Prison in Delano, California. Plaintiff names the following defendants in their individual and official capacities: (1) Correctional Officer Sanchez; (2) Correctional Officer Cullen; (3) Correctional Lieutenant Jamie; (4) Correctional Officer Mesa; (5) Correctional Officer Waddel; (6) Correctional Officer Lopez; (7) Correctional Officer Garcia; (8) Correctional Officer Ibarra; (9) Correctional Officer Smith; (10) Correctional Officer Martinez; and (11) Correctional Officer Tabien.

Plaintiff alleges that prior to June 15, 2016, a culture had developed at North Kern State Prison in which correctional officers encouraged, advised and motivate inmates to physically assault other inmates known as the 25ers, who are members of a prison gang. When presented with an opportunity to attack a 25er, inmates that refused were then assaulted by the Northern Riders, a rival prison gang. Correctional officers also orchestrated the reprimand of those inmates that refused to assault 25ers.

On June 15, 2016, in building D-5, Defendant Sanchez, the tower officer, announced to the inmates that a 25er was coming to the building. This announcement, in the past, had been used to ready inmates for an orchestrated/forced assault. Shortly after the announcement, Inmate Paez, the 25er, who had just been assaulted in another building, entered module D-5.

After entering the building, Inmate Paez approached Defendant Perez, the floor officer, to inform the officer of his safety concerns. It was at this point that Plaintiff and his cellmate's door opened. They had been chosen. Knowing the repercussions for refusing to assault a 25er, Plaintiff and his cellmate, Inmate Graf, ran out of their cell and down the stairs. Inmate Paez ran into Defendant Perez's office. Defendant Perez sounded the alarm. Inmate Graf ran back up the stairs and proned out in front of the cell. Plaintiff, at the bottom of the stairs, also proned out.

Responding officers arrived and Plaintiff was handcuffed. Defendant Sanchez informed the responding officer that an assault had occurred. At this point, Defendants Cullen, Mesa, Lopez, Garcia and Officer Ibarra proceeded to kick, stomp and beat Plaintiff with a baton.

Thereafter, Plaintiff and his cellmate were moved outside of the module. Plaintiff was slammed against the wall and was assaulted by Defendant Mesa, while Defendant Cullen hit, kneed, and elbowed Plaintiff's ribs, back and legs. Plaintiff suffered multiple bruises as a result of the assault.

After the alleged assault, Plaintiff was escorted to a cage. On the walk to the cage, Defendant Mesa lifted Plaintiff's arms, forcing Plaintiff to bend over at the waist. Plaintiff stayed in the cage, unattended an in pain, for about 20 minutes. When the handcuffs were removed, Plaintiff's wrists were bleeding. Due to the exposure to potential assault and Defendant Garcia's threats, Plaintiff deemed it prudent to refuse medical treatment. Plaintiff was made to sign a refusal and returned to his cell.

After being in his cell for about an hour, Plaintiff had difficulty breathing and started coughing up blood. He was in extreme pain and could not move. Inmate Graf started yelling, "Man Down!" to get officers' attention. After about an hour of calling for help, Defendants Martinez and Smith came to Plaintiff's cell door. Inmate Graf explained the situation. Defendants Martinez and Smith told them that they were aware of the situation. While laughing, Defendant Martinez told the bleeding Plaintiff, "You shouldn't have refused medical earlier."

Several hours later, a psychologist tending to a different matter, heard the inmates' cries for assistance. The psychologist directed the floor officer to contact medical. Plaintiff was then transferred to medical and x-rayed. On the walk to medical, Defendant Lopez told Plaintiff to make sure he told them that he fell off the stool in the cell. Due to Defendant Lopez's threat, Plaintiff only mentioned his ribs, attributing the pain to falling off a stool. However, the nurse noticed boot prints on Plaintiff's back and head, as well as cuts on his wrists. The nurse inquired about the injuries, but Plaintiff failed to elaborate on them for fear of his safety.

On the way back to the module, Plaintiff was directed into the Program Office. While there, Defendant Jamie warned Plaintiff not to talk about the assault to anyone. Defendant Jamie promised not to pursue a 115 against the Plaintiff if he left the matter alone. Plaintiff was then escorted to his cell.

///

The following day, on June 16, 2016, Plaintiff was told to report to the patio for a 115 hearing. As promised, Defendant Jamie dismissed the write up. When Plaintiff inquired about the pain he was suffering, Defendant Jamie instructed Officer Ceja to tell the nurse to give Plaintiff unprescribed pain pills. Inside the building, Plaintiff waited as Officer Ceja relayed Defendant Jamie's request to Nurse Priest.

After pill call, Nurse Priest informed Plaintiff that she was not allowed to just hand out pills. Instead, the nurse suggested that she could call Plaintiff into medical. Frightened and confused, Plaintiff inquired with Defendant Smith, the floor officer, as to whether he should take the nurse's suggestion. Having been warned by multiple officers to remain silent about the incident, Plaintiff sought guidance. Defendant Smith called Defendant Jamie, but got no response. The nurse then indicated, "Well I'm calling it in cause I can tell you're in pain."

On the walk to medical, Defendant Smith told Plaintiff that he was "fucking up." As a result, while in medical, Plaintiff told them about his injuries, but failed to elaborate on how he obtained them. The doctor was not in and no incident report was generated. On the way back, Plaintiff was directed to D-yard medical and told that Defendant Jamie wanted to speak to him there. Plaintiff waited for some Tylenol. When Defendant Jamie arrived, he promised Plaintiff some pain pills the next day. Plaintiff then was escorted back to his cell.

Plaintiff asserts claims for excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment. Plaintiff seeks declaratory relief, along with compensatory and punitive damages.

**IV. Discussion**

    **A. Official Capacity**

Plaintiff is attempting to bring suit for monetary damages against defendants in their individual and official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, *Hafer v. Melo*, 502 U.S. 21, 30, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991); *Porter v.*

*Jones*, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 680 n.2 (9th Cir. 1991).

Thus, Plaintiff may only proceed against the defendants in this action for monetary damages in their individual capacities, not their official capacities.

### B. Excessive Force

In his claim for excessive force, Plaintiff further alleges that Defendant Sanchez violated his rights by announcing that Inmate Paez was entering the building, choosing Plaintiff and his cellmate to assault Inmate Paez and telling other officers that an assault had occurred. Plaintiff also alleges that Defendants Cullen, Mesa, Lopez, Garcia, Ibarra and Waddel violated his rights by harassing, kicking, stomping and punching him after he was handcuffed. Additionally, Plaintiff contends that Defendants Cullen and Mesa, while outside of the module, kneed, elbowed and smashed Plaintiff's face into the wall and Defendant Mesa lifted Plaintiff's cuffed arms.

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013).

At the pleading stage, Plaintiff has stated a cognizable excessive force claim against Defendants Cullen, Mesa, Lopez, Garcia, Ibarra and Waddel. However, Plaintiff fails to state a cognizable excessive force claim against Defendant Sanchez as there is no allegation that Defendant Sanchez participated in the assault or otherwise failed to protect Plaintiff from such assault. Plaintiff will be given leave to cure this deficiency if he so chooses.

Plaintiff also fails to state a cognizable claim for failure to intervene against Defendant Jamie, as the senior officer. "[A] prison official can violate a prisoner's Eighth Amendment

rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). A prison official may be held liable under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). There is no indication in Plaintiff's complaint that Defendant Jamie was present during the assault, knew that Plaintiff faced a substantial risk of harm and failed to take any steps to prevent it. Insofar as Plaintiff is attempting to impose liability related to the assault against Defendant Jamie in his supervisory capacity, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir.2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir.2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer*, 511 U.S. 825 (1994).

Plaintiff fails to allege that Defendant Jamie was involved in the constitutional violation or that a policy implemented by Defendant Jamie was so deficient that the policy itself was the moving force of the violation.

### C. Deliberate Indifference to Medical Needs

In his claim for deliberate indifference to medical needs, Plaintiff alleges that Defendants Garcia, Lopez, Martinez and Smith violated his rights by ignoring his pleas for medical assistance and actively threatening him to not alert nurses and medical personnel to his injuries.

///

Plaintiff further alleges that Defendant Lopez acutely monitored Plaintiff while at medical to ensure that he did not tell medical personnel about his injury.

Plaintiff also contends that Defendant Garcia purposely placed Plaintiff in a wheelchair and wheeled him to the main nurse's office. Plaintiff believes that Defendant Garcia was fully aware that the corridor was frequented by general population inmates and presented a potential for harm to Plaintiff due to him being SNY/PC. Plaintiff also believes that Defendant Garcia abandoned Plaintiff in the corridor intending that Plaintiff would refuse medical treatment to get out of harm's way. Defendant Garcia reportedly stated, "If you know what's good for you, mutherfucker, you'll [go] back to your cell and say nothing happened."

Plaintiff also asserts that Defendants Smith, Martinez and Tabien were deliberately indifferent when they ignored his pleas to be sent to medical. Defendant Martinez laughed and said Plaintiff should not have refused medical earlier. Defendant Tabien, as the tower officer, reportedly had a duty to ensure that Plaintiff had ready access to medical attention as needed.

Additionally, Plaintiff alleges that Defendant Jamie, as senior officer, had a duty to protect Plaintiff from assault and failed to do so, and to ensure that he received medical assistance. Plaintiff also alleges that Defendant Jamie violated his right to medical care by having Plaintiff brought into his office and advised Plaintiff not to discuss the matter with anyone, and promised to dismiss the 115 if Plaintiff did so and directing the nurse to provide unrprescribed pain pills in an attempt to keep the matter undocumented.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012).

///

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons*, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." *Simmons*, 609 F.3d at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer*, 511 U.S. 837.

At the pleading stage, Plaintiff has stated a cognizable claim for deliberate indifference to serious medical needs against Defendants Garcia, Martinez and Smith. However, Plaintiff fails to state a cognizable deliberate indifference claim against Defendants Jamie, Tabien or Lopez. With respect to Defendant Jamie, Plaintiff admits that Defendant Jamie attempted to obtain pain pills for Plaintiff, and there is no indication that he prevented Plaintiff from receiving treatment. With respect to Defendant Tabien, Plaintiff has alleged only that Defendant Tabien was the tower officer. There are no allegations in the complaint demonstrating that Defendant Tabien knew that Plaintiff was injured or that he required medical treatment. With respect to Defendant Lopez, Plaintiff admits that Defendant Lopez took him to medical for treatment.

### D. Declaratory Relief

In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).

If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### V. Conclusion and Recommendation

Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Cullen, Mesa, Lopez, Garcia, Ibarra and Waddel in their

individual capacities and a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Garcia, Martinez and Smith in their individual capacities. However, Plaintiff fails to state any other cognizable claims. Therefore, all other claims and defendants should be dismissed, for the reasons explained above.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, it is HEREBY RECOMMENDED that this action proceed only on Plaintiff's claim for excessive force in violation of the Eighth Amendment against Defendants Cullen, Mesa, Lopez, Garcia, Ibarra and Waddel in their individual capacities, and for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Garcia, Martinez and Smith in their individual capacities.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 10, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE