# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. COLVIN, <br><br> Plaintiff, <br><br> vs. <br><br> SANCHEZ, et al., <br><br> Defendants. | 1:17-cv-01489-LJO-BAM (PC) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANTS GARCIA AND LOPEZ, WITHOUT PREJUDICE, FOR THE FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE OF PROCESS <br><br> (Docs. 16, 17) <br><br> **FOURTEEN-DAY DEADLINE** |

**I.      Introduction**

Plaintiff Robert M. Colvin is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's complaint for excessive force in violation of the Eighth Amendment against Defendants Cullen, Mesa, Lopez, Garcia, Ibarra and Waddel in their individual capacities, and for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Garcia, Martinez and Smith in their individual capacities.

On July 10, 2018, the Court found service of the complaint appropriate and forwarded service documents for Plaintiff to complete and return. (Doc. No. 13.) Plaintiff complied with that order, (Doc. No. 14), and on July 31, 2018, the Court issued an order directing the United

States Marshal to initiate service of process using the information that was provided by Plaintiff. (Doc. No. 15.)

On August 21, 2018, the Marshal returned unexecuted summonses for Defendants Garcia and Lopez. (Doc. No. 16.) Plaintiff had informed the Court through the complaint that Defendants Garcia and Lopez were working as correctional officers on D-yard, Bldg. D-5 at North Kern State Prison at the time of the events at issue. The Marshal returned an unexecuted summons for each of Defendants Garcia and Lopez stating that there are multiple officers with these last names working the shifts and locations described in the complaint, and that they were unable to identify them without more information.

On August 27, 2018, the Court ordered Plaintiff to show cause within thirty (30) days why Defendants Garcia and Lopez should not be dismissed from this action for the failure to provide sufficient information to effectuate service of process. (Doc. No. 17.) Plaintiff was informed that he could comply with that order by providing more identifying information, such as a badge number, first name or first initial, documentation such as incident reports, or other information. (*Id*. at 2.) Plaintiff was also expressly warned that the failure to respond to the order or to show good cause would result in dismissal of Defendants Garcia and Lopez from this action. (*Id*.) The deadline for Plaintiff to respond to the Court's order to show cause has passed, and Plaintiff has not complied with that order, or otherwise communicated with the Court.

**II.     Discussion**

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

In this case, Plaintiff was given opportunities to provide sufficient information to effectuate service of process on Defendants Garcia and Lopez, and was expressly warned that dismissal would result if he failed to provide the United States Marshal with valid service information. Plaintiff has failed to provide such information, and has failed to respond to the Court's show cause order with any good cause for the failure. "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Fed. R. Civ. P. 4(c)(1). Based on Plaintiff's failure to provide the Marshal with accurate and sufficient information for service of process on Defendants Garcia and Lopez, the Court recommends that they be dismissed from this action, without prejudice.

### III. Conclusion and Recommendation

For the reasons discussed, it is HEREBY RECOMMENDED that Defendants Garcia and Lopez be dismissed, without prejudice, under Rule 4(m) for failure to effectuate service of process.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 9, 2018**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE