# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. COLVIN,<br><br>  Plaintiff,<br><br>  v.<br><br>CULLEN, et al.,<br><br>  Defendants. | Case No. 1:17-cv-01489-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS<br><br>(ECF Nos. 25, 27)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Robert M. Colvin ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's complaint for excessive force against Defendants Cullen, Mesa, Ibarra, and Waddel, and for deliberate indifference to serious medical needs against Defendants Martinez and Smith, both in violation of the Eighth Amendment. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons that follow, the Court recommends that this action be dismissed, with prejudice.

**I.    Relevant Procedural History**

On October 12, 2018, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. No. 23.) Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. Woods v. Carey, 684 F.3d 934 (9th

1

Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988). (Doc. No. 23-1.)

A response to that motion was due within twenty-one days of service. Local Rule 230(l). Plaintiff's deadline to respond was extended twice, on November 14, 2018, (Doc. No. 25), and on December 5, 2018, (Doc. No. 27). Plaintiff was warned that failure to comply with the Court's orders would result in sanctions, up to and including dismissal. (Doc. No. 25, p. 3; Doc. No. 27, p. 3.) The extended deadline has now expired, and no response has been filed. Plaintiff has not otherwise communicated with the Court.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending for more than a year, and Plaintiff's response or opposition to Defendants' motion for summary judgment is overdue. Plaintiff is obligated to comply with the Local Rules and was informed by Defendants of the need to oppose a motion for

summary judgment. Despite Plaintiff's duty to comply with all applicable rules and Defendants' notice, Plaintiff did not file an opposition. Plaintiff remained incommunicative after being granted two extensions of time by this Court to respond to the pending motion. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.

The Court's November 14, 2018 order requiring Plaintiff to respond to the motion for summary judgment expressly warned him that the failure to comply with that order would result in sanctions, up to and including dismissal. (Doc. No. 25, p. 3.) The Court's December 5, 2018 order further warned Plaintiff that his failure to comply with the Court's order would result in sanctions, up to and including dismissal of this action. (Doc. No. 27, p. 3.) Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance. At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

///

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

### III. Conclusion and Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 7, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE